ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| MIRTA ORTIZ ORTEGA<br>RECURRENTE<br><br>v.<br><br>NEGOCIADO DE SEGURIDAD DE EMPLEO (NSE)<br>RECURRIDO<br><br>CHRISTIAN D. RESTO VÁZQUEZ<br>RECLAMANTE | KLRA202300585 | Revisión Administrativa procedente del Departamento del Trabajo y Recursos Humanos<br><br>Núm. C-01445-23<br><br>Sobre:<br>Elegibilidad a los beneficios de compensación por desempleo Secciones 4(b)(3) de la Ley de Seguridad de Empleo de Puerto Rico, según enmendada |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de enero de 2024.

Comparece Mirta Ortiz Ortega (Ortiz Ortega) mediante una *Revisión Administrativa* presentada el 13 de noviembre de 2023. Nos solicita la revocación de la *Decisión*[1] emitida y notificada el 27 de septiembre de 2023 por el Departamento del Trabajo y Recursos Humanos (Departamento). Mediante el referido dictamen, el Departamento declaró a Christian Resto Vázquez (Resto Vázquez) elegible a recibir los beneficios del seguro por desempleo.

Adelantamos que, luego de examinar el recurso, resolvemos desestimarlo por falta de jurisdicción. Veamos.

**I.**

Según surge del expediente, mientras Resto Vázquez era estudiante de contabilidad, laboró para Ortiz Ortega en calidad de asistente de contabilidad a tiempo parcial, desde febrero de 2019

---

[1] Expediente Administrativo, Apéndice, págs. 10-12.

Número Identificador

SEN2024_____

hasta su despido en marzo de 2021. Producto de lo anterior, Resto Vázquez solicitó recibir los beneficios de compensación de seguro por desempleo ante el Departamento, los cuales el Negociado de Seguridad de Empleo del Departamento (Negociado) le otorgó mediante *Determinación*[2] emitida el 3 de diciembre de 2021. El Negociado fundamentó su dictamen en que el despido de Resto Vázquez no fue atribuible a conducta incorrecta relacionada con su trabajo.

En desacuerdo con lo anterior, Ortiz Ortega solicitó una audiencia ante un Árbitro de la División de Apelaciones del Departamento. Luego de varias incidencias procesales que no es necesario pormenorizar, la referida vista se celebró el 1 de junio de 2023[3] durante la cual tanto Resto Vázquez como Ortiz Ortega ofrecieron sus testimonios.

Evaluado lo anterior, la División de Apelaciones del Departamento emitió y notificó una *Resolución*[4] el 23 y 28 de junio de 2023, respectivamente. En ella, formuló las siguientes determinaciones de hechos:

1. La parte reclamante trabajó para la oficina de contabilidad de la señora Mirta Ortiz Ortega durante 2 años aproximadamente.

2. Patrono despidió al reclamante, ya que éste no trabajaba con la agilidad requerida para el puesto e incurría en errores al realizar las tareas.

3. Patrono se reunía con el reclamante para discutir aspectos del trabajo que realizaba éste con tal de mejorar su ejecutoria.

4. El reclamante realizaba el trabajo acorde a las capacidades y destrezas con las que contaba como estudiante de contabilidad.

5. El reclamante accede a trabajar los sábados para patrono y patrono le reduce la carga de trabajo, para que éste pueda realizar el trabajo que tenía pendiente.

6. Los errores que el reclamante cometía los corregía con la ayuda de la contable, Sra. Ortiz.

---

[2] Expediente Administrativo, Apéndice, pág. 84.
[3] Expediente Administrativo, Apéndice, págs. 38-39.
[4] Expediente Administrativo, Apéndice, págs. 31-33.

7. Patrono percibía que el reclamante no ponía el empeño que el trabajo requería y en un momento dado, la comunicación entre patrono y el reclamante se afectó.

8. El reclamante entendía que realizaba las labores conforme a las instrucciones que patrono le brindaba; sin embargo, hubo un error en una labor de reconciliación que el reclamante entiende que la había realizado conforme a lo requerido, pero al patrono revisar, hubo un error que corregir y a raíz de ello, el reclamante recibe una llamada de patrono donde éste le informa que está despedido.

Sobre tales bases, la División de Apelaciones del Departamento concluyó que Ortiz Ortega despidió a Resto Vázquez sin justa causa. A su vez, confirmó el dictamen del Negociado y determinó la elegibilidad de Resto Vázquez para recibir los beneficios de compensación de seguro por desempleo. Puntualizó que, la "conducta incorrecta" a la cual se refiere la Sección 4(b)(3) de la Ley Núm. 74 de 21 de junio de 1956, Ley de Seguridad de Empleo de Puerto Rico (Ley Núm. 74), 24 LPRA sec. 704(b)(3), para descalificar a un trabajador de recibir tales beneficios es aquella conducta intencional del empleado dirigida a afectar los intereses patronales.

Inconforme, Ortiz Ortega instó una *Apelación*[5] ante el Departamento y allí cuestionó la adjudicación de credibilidad que realizó la Árbitro de la División de Apelaciones del Departamento. A esos efectos, solicitó la revisión de la grabación de la vista, en particular la reevaluación de su testimonio.

En respuesta, el 27 de septiembre de 2023, el Departamento emitió la *Decisión*[6] recurrida mediante la cual confirmó la *Resolución* de la División de Apelaciones. Al resolver expuso que, Ortiz Ortega "no demostró la existencia en el récord de otra evidencia que razonablemente reduzca o menoscabe la prueba creída por el árbitro."[7] El referido dictamen fue objeto de reconsideración[8] producto de lo cual el Departamento notificó otra *Decisión*[9] el 13 de octubre de 2023 denegando el petitorio de reconsideración.

---

[5] Expediente Administrativo, Apéndice, págs. 15-21.
[6] Expediente Administrativo, Apéndice, págs. 10-12.
[7] Expediente Administrativo, Apéndice, pág. 10.
[8] Expediente Administrativo, Apéndice, págs. 4-9.
[9] Expediente Administrativo, Apéndice, págs. 2-3.

Aun inconforme, Ortiz Ortega comparece ante esta Curia mediante el recurso de epígrafe y señala la comisión de dos errores:

El Hon. Secretario [erró] al determinar que "El patrono no ha demostrado que existan circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto en la adjudicación de credibilidad del árbitro que presidió la vista evidenciaria,"...

Error manifiesto en la adjudicación de credibilidad del árbitro ante incumplimiento del deber de preservar la grabación de la vista celebrada.

En cumplimiento con nuestra *Resolución* de 16 de noviembre de 2023, la Oficina del Procurador General de Puerto Rico comparece en representación del Negociado y solicita la desestimación del recurso de epígrafe. Primeramente, fundamenta su petitorio en que, Ortiz Ortega carece de legitimación activa para solicitar revisión por esta no ser parte del procedimiento administrativo ante el Negociado, a tenor de lo resuelto en *Acevedo v. Western Digital Caribe, Inc.,* 140 DPR 452, 466 (1996). Como segunda base para la desestimación, informa que la parte apelante no notificó al Departamento ni al Negociado[10] copia del recurso ante esta Curia.

En consideración a lo anterior, concedimos un término a Ortiz Ortega para exponer su posición. En su *Oposición* al petitorio de desestimación y a modo de acreditar haber notificado su recurso de revisión al Negociado y a Resto Vázquez, la parte recurrente anejó a su moción el recibo de pago del franqueo de los envíos y dos hojas de rastreo del servicio postal. Precisamos que, Ortiz Ortega no remitió copia del acuse de recibo por correo certificado a modo de constatar haber notificado su recurso, tal cual exige la Regla 58(B)(3) y la Regla 13(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XX-B.

---

[10] La falta de notificación al Negociado surge de la *Moción Informativa y Aclaratoria* instada el 19 de diciembre de 2023.

Con el beneficio de las comparecencias de las partes, procedemos a continuación.

**II.**

**A. La jurisdicción**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. Estado Libre Asociado de Puerto Rico y otros,* 2023 TSPR 105, resuelto el 1 de septiembre de 2023. Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).

Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 503 (2019). Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Íd.*, pág. 500.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales tenemos el deber de proteger nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará, con rigurosidad, el asunto jurisdiccional como parte de su deber ministerial, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. *Torres Alvarado v. Madera Atiles*, supra. Añádase a ello que, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), faculta a este Tribunal a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción.

## B. Doctrina de justiciabilidad y legitimación activa

La doctrina de justiciabilidad limita la intervención de los tribunales a resolver controversias reales y definidas que afectan las relaciones jurídicas de partes antagónicas u opuestas. *Super Asphalt v. AFI y otro*, 206 DPR 803, 815 (2021); . Es decir, que el principio de justiciabilidad requiere que exista un caso o controversia real para que los tribunales puedan ejercer válidamente el Poder Judicial. En ese sentido, nuestra intervención "tendrá lugar solo si existe una controversia genuina entre partes opuestas que tienen un interés real en obtener un remedio que afecte sus relaciones jurídicas". *Hernández, Santa v. Srio. De Hacienda*, 208 DPR 727, 738 (2022). Por tanto, una controversia no se considera justiciable cuando:

1) se procura resolver una cuestión política;
**2) una de las partes carece de legitimación activa;**
3) hechos posteriores al comienzo del pleito han tornado la controversia en académica;
4) las partes están tratando de obtener una opinión consultiva; o
5) se intenta promover un pleito que no está maduro. *Super Asphalt v. AFI y otro*, supra.

Así, pues, los tribunales debemos evaluar estos requisitos de origen constitucional antes de considerar y pronunciarnos sobre los méritos de una controversia. *Íd.* Como elemento esencial para la adjudicación de los méritos de una controversia, el principio de justiciabilidad impone a los tribunales el deber de evaluar si la parte que acude ante nuestra consideración posee legitimación activa. *Hernández, Santa v. Srio. De Hacienda*, supra, en las págs. 738-739. El Tribunal Supremo de Puerto Rico ha definido la legitimación activa como "la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante". *Bhatia Gautier v. Gobernador*, 199 DPR 59, 69 (2017).

Conforme a la doctrina de justiciabilidad, la parte que solicita un remedio judicial debe demostrar lo siguiente:

(1) ha sufrido un daño claro y palpable;

(2) el daño es real, inmediato y preciso, no abstracto o hipotético;

(3) existe una conexión entre el daño y la causa de acción ejercitada, y

(4) la causa de acción surge al palio de la Constitución. *Hernández, Santa v. Srio. De Hacienda,* supra, en las pág. 739 citando a *Bhatia Gautier v. Gobernador*, supra.[11]

En lo pertinente al caso de marras, el Tribunal Supremo resolvió en *Acevedo v. Western Digital Caribe, Inc.,* supra, que las partes en los procesos administrativos ante el Negociado de Seguridad de Empleo son el exempleado y el Secretario del Trabajo y Recursos Humanos. Allí también, nuestro más Alto Foro aclaró que, aunque el patrono tiene derecho a ser notificado sobre estos procedimientos que implican a un exempleado, eso no los convierte en parte.

### III.

En su recurso de revisión, Ortiz Ortega cuestiona un dictamen del Departamento mediante el cual declaró a Resto Vázquez elegible de recibir los beneficios de seguro por desempleo, al amparo de la Ley Núm. 74, *supra.* Según la parte recurrente, la Árbitro de la División de Apelaciones del Departamento incidió al aquilatar la prueba testimonial que desfiló ante sí.

Cabe destacar que, en respuesta al recurso de revisión, el Departamento solicitó la desestimación por falta de legitimación activa y por falta de notificación. En cumplimiento con nuestro requerimiento, y a modo de acreditar haber notificado a la parte recurrida, Ortiz Ortega nos remitió el recibo de pago del franqueo de los envíos y dos hojas de rastreo del servicio postal. Sin embargo, no constató la notificación mediante una copia del acuse de recibo para dar cumplimiento a la Regla 58(B)(3) de nuestro Reglamento, *supra.* Al así actuar, Ortiz Ortega no nos puso en posición de adjudicar si en efecto la parte recurrida fue notificada del recurso de revisión. De

---

[11] Véase, además, *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 943 (2011).

cualquier manera, nos resta evaluar el segundo planteamiento jurisdiccional sobre legitimación activa.

Puntualizamos que, en virtud de lo resuelto en *Acevedo v. Western Digital Caribe, Inc.,* supra, Ortiz Ortega fue notificada de estos procesos administrativos ante el Departamento por haber sido patrono de Resto Vázquez, sin con ello convertirla en parte. Entiéndase que, Ortiz Ortega carece de legitimación activa para solicitar la revisión de la *Decisión* del Departamento debido a que las partes en este procedimiento son únicamente Resto Vázquez y el ente administrativo.

Por todo lo antes, carecemos de jurisdicción para entender en el presente asunto.

**IV.**

Por los fundamentos antes expuestos, declaramos ha lugar la *Solicitud de Desestimación* instada por la parte recurrida y, en su consecuencia, desestimamos el recurso por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones